

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*Shontae D. Gray*                                                                                                           *970 Broad Street, Suite 700*
*Assistant United States Attorney*                                                             *Newark, New Jersey 07102*
                                                                                                                  *Direct Dial: (973) 297-2071*

July 17, 2024

**VIA EMAIL**

The Honorable André M. Espinosa
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

        Re: <u>U.S. v. Christopher J. Gallo</u>
             Mag. No. 24-11131 (AME)

Dear Judge Espinosa:

      The Government writes to inform the Court about defendant Christopher J. Gallo's ("Gallo") unauthorized operation as a mortgage loan originator without an active license, contrary to New Jersey state law, which violates the terms of his pre-trial release entered by this Court on or about April 24, 2024. <u>See</u> ECF No. 4 (stating, in relevant part, "[t]he defendant must not violate any federal, state, or local law while on release.").

      On or about April 24, 2024, Gallo was charged by complaint with one count of conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, for using his position as a mortgage loan originator to conspire and engage in a fraudulent scheme to falsify loan origination documents to obtain mortgage loans based on false and fraudulent pretenses, representations, and promises. By falsifying property records, including building safety information, prospective borrowers' financial information, and misleading mortgage lenders about the true intended use of certain properties, Gallo secured and profited by earning commissions from mortgage loans that were approved at lower rates or that wouldn't have been approved at all.

      On or about the same date, Gallo was terminated from his position as Senior Vice President of Mortgage Lending at Cross Country Mortgage ("CCM"). Upon terminating Gallo, CCM revoked its sponsorship of his mortgage loan originator license.

The New Jersey Department of Banking and Insurance ("DOBI"), the entity responsible for regulating the banking, insurance, and real estate industries in New Jersey, confirmed that when CCM removed its sponsorship from Gallo's license, DOBI took two actions. First, on or about April 25, 2024, DOBI placed Gallo's license into "Approved-Inactive" status. "Approved-Inactive" status is defined, in relevant part, as:

> [The] status assigned when (i) the last active sponsorship is removed from a mortgage loan originator license…Mortgage loan originators seeking authorization to resume licensable activities under the license must seek a new sponsor and have the new sponsor submit a sponsorship request. Before obtaining authorization to resume licensable activities, entities must comply with requirements set by the regulator to request removal of the inactive status. [1]

As a result, on or about April 25, 2024, Gallo was no longer permitted to act as a mortgage loan originator under his current license:[2]



---

[1] License Status Definitions, https://mortgage.nationwidelicensingsystem.org/consumer/resources/NMLS%20Document%20Library/License%20Status%20Chart.pdf (last visited Jul. 11, 2024).

[2] NMLS Consumer Access, https://www.nmlsconsumeraccess.org/EntityDetails.aspx/INDIVIDUAL/60863 (last visited Jul. 11, 2024).

DOBI further confirmed that its system generated an email to Gallo advising him of the change in his status.

Second, DOBI placed an item on Gallo's license regarding his failure to maintain an active sponsorship. In that event, DOBI's system would have generated an email to Gallo indicating that he has a license item to review. The content of the license item was:

> Employing company must submit sponsorship request. Your employment history in your MU4 needs to be amended to reflect the full name of your sponsoring employer. The Employment history reflects the sponsoring company as your current employer with the complete full name and address of your related location. Make note that New Jersey considers a reasonable commuting distance to be 2.5 hours of the assigned location. Therefore the address in the Employment history must reflect the branch address that is located with in [sic] 2.5 hours. Also make note in the State of New Jersey you cannot be a contracted employee unless you fall under the exemptions as stated under N.J.A.C. 3:15-2.1(d); your work classification must be a W2 employee.

At some point thereafter, DOBI received a sponsorship request from Velocity of Money Mortgage LLC, a Florida-based mortgage broker and Gallo's current employer. As of the date of this letter, DOBI has not granted that request, in part due to Gallo's failure to notify DOBI within 15 days of his arrest in this case as required under N.J.A.C. 3:15-2.18(a), which provides that: "A licensee shall notify the Department in writing within 15 days of the occurrence of any of the following: 1. Upon each arrest… of the licensee…in this State, in another state, or in any Federal jurisdiction for any offense, crime or misdemeanor, except for a motor vehicle violation." Upon information and belief, Gallo has since disclosed his arrest to DOBI, but has not satisfactorily complied with their disclosure requirements with respect to documenting his arrest. Accordingly, as confirmed by DOBI, Gallo's license has not been reinstated and he is unauthorized to act as a mortgage loan originator.[3]

Pursuant to N.J.S.A. 17-11C-54(c)(1):

(a) No individual shall act as a mortgage loan originator without first obtaining a license or transitional license under this act.

(b) No individual, except as provided in paragraph (2) of this subsection, shall be issued or hold a license or transitional license as a mortgage loan originator unless employed as an originator by one, and not more than one, business licensee, and is subject to the direct

---

[3] Under New Jersey law, a "mortgage loan originator" includes anyone who directly or indirectly takes a residential mortgage loan application and/or offers or negotiates the terms of a residential mortgage loan. N.J.A.C. 3:15-1.2.

> supervision and control of that licensee, employed by an exempt company, or who is under a written agreement with and sponsored in the Nationwide Mortgage Licensing System by one, and not more than one, person exempt from licensing requirements and registered with the department under subsection a. of section 5 of P.L.2009, c. 53 (C.17:11C-55), and is subject to the direct supervision and control of that exempt person

Notwithstanding that his license is inactive and he is unauthorized to conduct business, Gallo continues to take mortgage applications, in violation of New Jersey law.[4] The Government is also in possession of email communications that Gallo has had with at least one prospective borrower since his arrest and notification of his license status that demonstrates that he continues to solicit borrowers and offers to assist them with mortgage financing. Additionally, in a letter dated June 10, 2024, Gallo issued a loan pre-approval to a prospective borrower, inclusive of loan terms, under his name and license number (the "Letter"). See Exhibit A. The Government has conferred with DOBI, and it takes the position that the Letter and its contents constitute unlicensed activity.

      This activity is particularly concerning because it not only violates the above-referenced bail condition that Gallo not violate any state law but demonstrates that even after being charged by federal criminal complaint for fraud involving his mortgage license, Gallo continues to misuse his license in violation of the law. Even if Gallo were currently only engaged in licensed activity, due to the nature of the charged conduct, he should be precluded from originating mortgage loans. It is not feasible for Pretrial Services to supervise his daily loan origination activity to ensure that he complies with the law and does not engage in further fraudulent activity.

---

[4] The Government brought this information to the attention of U.S. Pretrial Services on or about May 23, 2024 and on or about June 18, 2024. Because this information was reported to Special Agents with the Federal Bureau of Investigation and Federal Housing Finance Agency, Office of the Inspector General, Pretrial Services has taken the position that the Government should bring this violation to this Court's attention.

In light of Gallo's flagrant violation of his bail conditions, the Government respectfully requests a hearing before the Court to address these violations and the seriousness of Gallo's conduct, including through the imposition of more stringent bail conditions, to include that he not engage in any mortgage loan origination activity.

        Respectfully,

        PHILIP R. SELLINGER
        United States Attorney

By: *Shontae D. Gray*
        Shontae D. Gray
        Assistant United States Attorney

cc: Michael Weinstein, Esq.
    Brian Castro, U.S. Pretrial Services