**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER J. GALLO and MEHMET ALI ELMAS,<br><br>Defendants. | Case No. 2:24-cr-00712 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is the United States of America's (the "Government") Motion to exclude time under the Speedy Trial Act. (ECF No. 46.) Co-defendants Christopher J. Gallo ("Gallo") and Mehmet Ali Elmas ("Elmas") (together, "Co-Defendants") each filed their own respective Opposition to the Government's Motion. (ECF Nos. 50, 51.) Having reviewed the submissions filed in connection with the Government's Motion, for the reasons sets forth below and for good cause having been shown, the Government's Motion to exclude time under the Speedy Trial Act is **GRANTED**.

**I.   BACKGROUND**

On or about April 23, 2024, Co-Defendants were charged in a one-count criminal complaint (the "Complaint") with conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. §1349. (ECF No. 1.) The Complaint alleges that from around 2018 through October 2023, Gallo, as a senior loan officer at a New Jersey-based, privately owned licensed residential financial institution (the "Financial Institution"), originated more than $1.4 billion in loans for the Financial Institution. (*Id*.) During the relevant time, Elmas was employed

as a loan officer and assistant to Gallo at the Financial Institution. (*Id.*) The Complaint alleges that "[a]t various times since at least 2018," Co-Defendants "used their positions at the Financial Institution to conspire and engage in a fraudulent scheme to falsify loan origination documents sent to mortgage lenders . . . to obtain mortgage loans based on false and fraudulent pretenses, representations, and promises." (*Id.*)

Co-Defendants appeared before Judge Andre M. Espinosa, U.S.M.J., for an initial appearance and were released on bail. (ECF Nos. 4, 11.) On April 24, 2024, the Government and Co-Defendants agreed to an Order for Continuance, which continued the matter for a period of 61 days to June 24, 2024. (ECF No. 15.) The parties consented to second Orders for Continuance, which continued the matter for a period of 62 days to August 26, 2024. (ECF Nos. 21, 22.) The court entered a third Order of Continuance as to Elmas on August 16, 2024, continuing the matter until October 25, 2024. (ECF No. 30.) On September 13, 2024, the court entered an Order of Continuance as to Gallo from September 11, 2024 through October 11, 2024. (ECF Nos. 33, 35.)

On October 24, 2024, a grand jury returned an eighteen-count indictment charging Co-Defendants with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349 (Count One); Bank Fraud in violation of 18 U.S.C. § 1344 (Counts Two through Nine); False Statement to a Financial Institution in violation of 18 U.S.C. § 1014 (Counts Ten through Seventeen); and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Eighteen). (ECF No. 44.) Co-Defendants were arraigned on November 13, 2024. (ECF No. 45.)

Currently, there is no continuance order in place for either Co-Defendant. (ECF No. 46 ¶ 7.) The Government asserts it sent Co-Defendants a proposed continuance on November 1, 2024. (*Id.* at ¶ 8.) The Government contends it met with Gallo's counsel on November 8, 2024, wherein Gallo's counsel advised that Gallo would not consent to any further continuance orders in this

matter. (*Id*. at ¶ 9.) That same day, the Government sent counsel for each Co-Defendant an overview of the nature of its discovery plan, a proposed scheduling order, and a revised continuance to run through the end of discovery. (*Id*. at ¶ 10.) On or about November 11, 2024, Gallo's counsel informed the Government Gallo would not consent to the proposed continuance, did not agree to the proposed scheduling order, and requested the Government produce discovery by December 4, 2024. (*Id*. at ¶ 11.) On or about November 13, 2024, Elmas's counsel similarly informed the Government Elmas would not consent to the proposed continuance, did not agree to the proposed scheduling order, and requested the Government produce discovery by November 22, 2024. (*Id*. at ¶ 12.)

The Government filed this Motion to Exclude Time under the Speedy Trial Act in accordance with 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A)–(B) on November 15, 2024. (ECF No. 46.) Gallo filed his Opposition to the Motion on November 22, 2025. (ECF No. 50.) On November 25, 2024, Elmas filed his Response to the Motion. (ECF No. 51.)

## II.  DECISION

The Government asks the Court to grant a continuance in this matter, despite the Speedy Trial Act deadline, because this case qualifies as a complex matter pursuant to 18 U.S.C. § 3161(h)(7). As such, the Government contends a continuance is necessary to afford all parties adequate time to prepare. The Co-Defendants oppose, arguing the case does not meet the requirements for complex designation and the Government's own lack of preparation does not merit a continuance.

### A. Designation as a Complex Matter

The Government asserts this case should be designated as complex for multiple reasons: (1) the charges stem from a multi-year investigation; (2) the alleged scheme involves a number of

individual borrowers and affected properties; (3) discovery is expected to be voluminous; (4) the Government anticipates there will be numerous pretrial motions; and (5) the Government may present this case for a superseding indictment to include additional charges. (ECF No. 46 at 4–6.) Co-Defendants contend this case should not be designated as complex because it only involves two defendants. (ECF No. 50 at 8.) Co-Defendants further argue the charges brought against them are not complex, as the Government has not yet brought charges for racketeering nor has there been any suggestion of multi-co-defendant prosecution. (*Id*. at 9.) They additionally contend the charges are not violent and not drug related, meaning "the nature of the prosecution is not particularly complicated." (*Id*. at 9–10.) Finally, Co-Defendants assert the Government's "lack of diligence" in investigating its claims against Co-Defendants does not entitle the Government to a continuance of this matter. (*Id*. at 11–12.)

"To 'assure a speedy trial' for all defendants, the Speedy Trial Act sets timing deadlines for the stages of a criminal prosecution." *United States v. Scarfo*, 41 F.4th 136, 176 (3d Cir. 2022) (quoting 18 U.S.C. § 3161(a)). "A defendant must be indicted within thirty days of his arrest, and he must be tried within seventy days of the later of his indictment or initial appearance." *Id*. (citing 18 U.S.C. § 3161(b), (c)(1)). "The indictment 'shall be dismissed,' if the defendant is not tried within that time frame." *United States v. Adams*, 36 F.4th 137, 144 (3d Cir. 2022) (quoting 18 U.S.C. § 3161(a)(2)).

As strict as this rule is, it is "tempered by enumerated exceptions." *Id*.; *see also Zedner v. United States*, 547 U.S. 489, 497 (2006) ("[T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."). "Delay is allowed for the duration of a continuance granted by the district court 'on the basis . . . that the ends of justice [are better] served by taking such action [and that doing so] outweigh[s] the best interest of the public

and the defendant in a speedy trial.'" *Scarfo*, 41 F.4th at 176 (alterations in original) (quoting 18 U.S.C. § 3161(h)(7)(A)). If a continuance is improper, or if the court does not justify its findings on the record, the clock continues to run. *Id*. Pursuant to the Speedy Trial Act,

> when determining whether an "ends of justice" continuance may be granted the court may consider, "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the time limits established by the Speedy Trial Act.

*United States v. Reddick*, Crim. No. 09-mj-2001 (JS), 2010 WL 5253527, at *3 (D.N.J. Dec. 17, 2010) (alteration in original) (quoting 18 U.S.C. § 3161(h)(7)(B)(ii)).

The Court finds that this case should be designated as complex pursuant to 18 U.S.C. § 3161(h)(7). As the statute explicitly observes, a case may be designated as complex based on the number of defendants or because of the existence of novel factual questions which make it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the time limits established by the Speedy Trial Act. 18 U.S.C. §3161(h)(B)(ii). The Court makes this finding based on the number of counts in the indictment (18), the number of defendants (2), the time period covered in the indictment (from 2018 through October 2023), the nature and complexity of the allegations against Co-Defendants, and the complexity of discovery. The Government expects discovery in this matter to be voluminous, resulting from multiple search warrants, and anticipates producing more than 1.5 million documents. (ECF No. 46 ¶ 17.) The Government further contends there will be numerous pretrial motions filed by both parties in this matter. (*Id*. at ¶ 18.) Finally, the Government notes it "may also present this case for a superseding indictment to include additional charges." (*Id*. at ¶ 19.)

5

Given the nature of the claims, the complexity of the investigation, the estimated volume of discovery, and the anticipated pretrial motions, the Court finds it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself and thus designates this case as complex. *See United States v. Shulick*, 18 F.4th 91, 100 (3d Cir. 2021) (finding there was ample evidence to support that an embezzlement case was complex where the prosecution stemmed from a multi-year investigation involving millions of pages of documents); *see also Reddick*, 2010 WL 5253527, at *3 (rejecting defendant's argument that the case should not have been designated complex because it only involved one defendant, there was no complicated series of charges, there was no voluminous or complicated discovery, and defendant's competence was not at issue).

### B. Continuance

The Government contends a continuance should be granted in this matter based on the complexity of the case and the anticipated time needed by the parties to adequately prepare for trial. (ECF No. 46 ¶ 13–20.) The Government asserts the ends of justice are served by granting a continuance because "a continuance will provide the defendants and their attorneys, along with the Government, taking into account the exercise of due diligence, the time and opportunity reasonably necessary to prepare for trial." (*Id*. at ¶ 21.) Co-Defendants counter a continuance should not be granted due to the Government's lack of preparation. (ECF No. 50 at 13–15; ECF No. 51 at 3.)

Deadlines under the Speedy Trial Act can be tolled for good cause. 18 U.S.C. § 3161(h). "Delay is allowed for the duration of a continuance granted by the district court 'on the basis . . . that the ends of justice [are better] served by taking such action [and that doing so] outweigh[s] the best interest of the public and the defendant in a speedy trial.'" *Scarfo*, 41 F.4th at 176 (quoting

18 U.S.C. § 3161(h)(7)(A)). However, if a continuance is improper, or if the court does not justify its findings on the record, the clock continues to run. *Id*. (citing 18 U.S.C. § 3161(h)(7)(A)).

The Government's motion for a continuance is granted because the ends of justice served by granting a continuance outweigh the interests of Co-Defendants in a speedy trial. As discussed above, this matter's complex designation is factually supported, *supra* Part II.A. The Court finds Co-Defendants argument that a continuance should not be granted due to the Government's lack of diligence unavailing, as both the Government and Co-Defendants will need time to review the estimated 1.5 million pages of discovery. *See Shulick*, 18 F.4th at 101 (rejecting defendant's argument the Government's discovery violation necessarily constituted a "lack of diligent preparation" which would prohibit the granting of a continuance). Moreover, Co-Defendants themselves joined in multiple requests for continuances to delay the case. *See Scarfo*, 41 F.4th at 177 (observing defendant joined in a request to delay the start of trial six weeks); *see also United States v. Mack*, Criminal Action No. 14-00050-JEI-9, 2014 WL 806456, at *3 (D.N.J. Feb. 28, 2014) (noting earlier delays in the case came as a result of defendant's consent). Thus, the Court grants the Government's request for a continuance.

### III. CONCLUSION

For the above reasons, the Government's Motion to Exclude Time under the Speedy Trial Act is **GRANTED**. An appropriate Order follows.

Date: December 12, 2024   */s/ Brian R. Martinotti*
  **HON. BRIAN R. MARTINOTTI**
  UNITED STATES DISTRICT JUDGE