

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000   201.489.1536 fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

Michael S. Weinstein
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6321
Writer's Direct Fax: 201.678.6321
Writer's E-Mail: MWeinstein@coleschotz.com

November 21, 2025

**Via CM/ECF Filing**
Honorable Brian Martinotti, U.S.D.J.
United States District Court
District of New Jersey
U.S. Courthouse and Post Office
2 Federal Square
Newark, New Jersey 07101

    Re:    *USA v. Gallo*, Crim. Action No. 24-712

Dear Judge Martinotti:

    This firm represents Christopher Gallo in the above-referenced matter. On November 7, 2025, eighteen months after his employment was terminated,[1] Mr. Gallo's most recent employer CrossCountry Mortgage, LLC ("CCM") initiated an American Arbitration Association ("AAA") proceeding, AAA Case Number: 01-25-0005-5239, to seek recoupment of bonus monies paid to Mr. Gallo in connection with the commencement of his employment in September 2023. Mr. Gallo's former employment contract provides that disputes are to be resolved by binding AAA arbitration. Consequently, we write, jointly with the Government, to request that the Court stay the AAA proceedings until such time that a final judgment has been rendered in the pending criminal proceedings so as not to disrupt Mr. Gallo's rights.

    Importantly, the criminal proceeding against Mr. Gallo and the arbitration with CCM involve potentially and likely certain interrelated facts. Based on the discovery received in this action, CCM has been and is in contact with the Government in connection with these criminal proceedings and the related investigation. In fact, CCM has provided documents to the Government related to Mr. Gallo's employment with CCM in response to a subpoena. Accordingly, it is imperative that any arbitration proceedings relating to Mr. Gallo's employment at CCM be stayed pending resolution of this matter even if the purported focus of the AAA arbitration is the bonus allocation of Mr. Gallo. As further described below, discovery in the arbitration and any compelled testimony will likely prejudice Mr. Gallo's rights.

    As the Court may recall, earlier during the pendency of this criminal matter, there was a separate state court action initiated involving another previous employer, New Jersey Lenders

---

[1] The lengthy delay in initiating the AAA proceeding is not explained.



Honorable Brian Martinotti, U.S.D.J.
November 21, 2025
Page 2

("NJL"). NJL's counterclaims in the state court civil action involved similar allegations as the Government's allegations in these criminal proceedings with overlapping discovery, witnesses and defenses, thus triggering defense and government concerns. Thereafter, the Government, joined by Mr. Gallo, moved to stay the civil proceedings, and the requested stay was granted on January 3, 2025. For the same reasons underlying the stay of the NJL civil action, the CCM arbitration should similarly be stayed pending final resolution of this criminal action.

Indeed, the AAA proceedings are expected to address the scope and breadth of Mr. Gallo's responsibilities and role at CCM as well as his compensation. Inquiry by CCM into the current Federal criminal charges which precipitated his termination would naturally occur. Consequently, discovery, documents, statements, and internal CCM books and records will be sought and intrusive questions raised. Additionally, it may be necessary for Mr. Gallo to testify both in defense of that capacity but also to prove expected counterclaims to be filed related to certain wage and hour violations for monies due to Mr. Gallo by CCM, which at present have been withheld. These materials and the testimony may, at this time, infringe upon our client's Constitutional rights and his defense(s) in the current criminal matter. The exchange or production of discovery and testimony in the arbitration may also impact the Government in presenting its case in the ongoing criminal matter as some potential witnesses and documents overlap. Importantly, while a delay in the AAA proceedings will not prejudice CCM, as illustrated by CCM's lengthy delay in initiating its AAA demand, failing to delay the arbitration will prejudice Mr. Gallo in both his criminal defense and the AAA proceeding, exposing him to undue hardship, prejudice and adverse consequences in exercising his Constitutional privileges.

The government joins in the application. CCM was requested to join as well on the issue of the proposed stay of the AAA proceeding, but has not yet taken a position as of the date of this correspondence.

As he must, Mr. Gallo is presently focused exclusively on defending the current federal criminal charges, as the threat to his personal liberty is paramount and he faces potential prison time if a conviction occurs. The AAA proceeding involves solely claims for monetary relief and therefore, will not be prejudiced by a stay. In sum, Mr. Gallo's resources and overall energy must remain on his criminal defense and this criminal proceeding must not be compromised by a parallel arbitration proceeding. As such, the parties request that the AAA proceeding be enjoined at this time until a final judgment is rendered, and have attached a proposed order for the Court's consideration. If the Court would prefer, the parties will submit a formal motion.

As always, the Court's time and attention to this matter are greatly appreciated.

Very truly yours,

COLE SCHOTZ P.C.

*/s/ Michael S. Weinstein*

Michael S. Weinstein

67775/0001-51811396