**Thomas B. Slocum, Esq.**
**NORRIS McLAUGHLIN, P.A.**
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
Main:  908-722-0700
Direct: 908-252-4249
Email: tslocum@norris-law.com
*Attorneys for Intervenor CrossCountry Mortgage LLC*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | Criminal No. 24-712 (BRM) |
| v. | : | |
| | : | |
| CHRISTOPHER J. GALLO, | : | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND VACATE ORDER STAYING ARBITRATION** |
| Defendant. | : | |
| | : | |

Non-Party CrossCountry Mortgage, LLC ("***CCM***"), moves to intervene[1] in this case for the sole purpose of vacating the Court's November 24, 2025, Order (the "***Order***"), ECF No. 99, enjoining and staying American Arbitration Association Case Number 01-25-0005-5239 (the "***AAA Arbitration***"). The Court should vacate its Order because:

> (1) this Court lacked authority to enjoin and stay the AAA Arbitration as there is no
>
>     question Defendant Christopher J. Gallo ("***Gallo***") is required to arbitrate the claims
>
>     brought by CCM in the AAA Arbitration;
>
> (2) the AAA Arbitration will not prejudice either Gallo or the United States of America
>
>     in this case or interfere with this Court's jurisdiction over this criminal proceeding;
>
> (3) the Court may not enjoin CCM since it is a non-party; and
>
> (4) the Court may not enjoin an arbitration outside of the Court's District.

---

[1] While CCM is not aware of a Federal Rule of Criminal Procedure directly related to intervention, CCM has an interest in seeing the Order vacated as the Order affects CCM's rights in the AAA Arbitration and the Order impairs CCM's ability to protect its interests, both of which are considerations under the analogous Rule governing intervention in civil cases. *See* Fed. R. Civ. P. 24(a)(2).

**Background**

CCM is a national residential mortgage lender.  See Declaration of Thomas B. Slocum, dated December 3, 2025, and submitted herewith ("Slocum Decl."), Ex. A at 1.  In September 2023, CCM hired Gallo as an Originating Branch Manager for a CCM branch office in New Jersey.  *Id.* CCM agreed, pursuant to certain written agreements (the "***Bonus Agreements***"), to pay Mr. Gallo a sign-on bonus.  *Id.* at 2.  Contractually, under the applicable agreements, Mr. Gallo agreed to repay CCM the entire sign-on bonus if he did not remain employed at CCM for thirty-six months.  *Id.* at 3.  Pursuant to the applicable agreements, Gallo also expressly agreed to submit all disputes arising out of or relating to the sign-on bonus to binding arbitration.  *Id.*

On or around April 24, 2024, CCM learned that Gallo had been arrested and that a federal criminal complaint had been filed against him alleging mortgage fraud.[2]  *Id.* at 4.  According to the indictment, between 2018 and 2023, while employed by a prior mortgage company, Gallo allegedly falsified loan origination documents at his previous employer to fraudulently secure mortgage loans in violation of multiple federal statutes.  *Id.*  CCM terminated Mr. Gallo immediately upon discovering these allegations, which was less than thirty-six months after Mr. Gallo began working for CCM.  *Id.*  Importantly, the termination was premised entirely on the presence of the allegations of fraud and Mr. Gallo's indisputable arrest and criminal complaint against him.  *Id.*  CCM's termination of Mr. Gallo was in no way related to the truth or even the details of the alleged conduct for which Mr. Gallo was arrested and later indicted.  *Id.*

At the time of his termination, CCM sent Gallo a letter demanding repayment of the sign-on bonus.  Despite this rightful demand for repayment under the parties' contract, Gallo has refused to repay CCM the sign-on bonus.  *Id.* at 4.

---

[2] An eighteen-count indictment was later filed on October 24, 2024.  ECF No. 44.

On November 7, 2025, CCM filed a Statement of Claim with the American Arbitration Association to initiate the AAA Arbitration for the sole purpose of recovering the sign-on bonus from Mr. Gallo.  Slocum Decl., Ex. A.  In the Statement of Claim, CCM asserts two causes of action based on Gallo's failure to repay CCM the sign-on bonus: breach of contract and unjust enrichment.  *Id.* at 4-5.

On November 21, 2025, Gallo, through counsel and jointly with the Government, filed a letter with this Court requesting that the Court enjoin and stay the AAA Arbitration.  ECF No. 98.  CCM was not copied on this letter and was thus given no opportunity to respond or object to the requested stay.  *Id.*  On November 24, 2025, the Court entered an Order enjoining and staying the AAA Arbitration.  ECF No. 99.

<u>Argument</u>

**A.  The Court Did Not Have Authority to Enjoin or Stay the AAA Arbitration Under the Federal Arbitration Act**

This Court did not have authority to enjoin or stay the AAA Arbitration.  Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "***FAA***"), a District Court may only compel or enjoin arbitration based on the express terms of the applicable agreement to arbitrate.  Here, because Mr. Gallo agreed, pursuant to a valid, binding arbitration agreement, to arbitrate CCM's claims in the AAA Arbitration, this Court could only enjoin that arbitration by function of some feature of that agreement.

No provision in the CCM-Gallo agreement envisioned enjoining the AAA Arbitration under the circumstances here.  The FAA "allows a district court to compel, or enjoin, arbitration as the circumstances may dictate." *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998). "[A] district court may <u>only</u> order, or enjoin, arbitration based on the agreement to arbitrate itself." *Id*. (emphasis added); *United States v. Eberhard*, No. 03 Cr. 562 (RWS), 2004

U.S. Dist. LEXIS 5029, at *10 (S.D.N.Y. Mar. 30, 2004) (holding that a court's ability to stay arbitration is limited to "circumstances where a stay would be incidental to the court's power under the FAA to enforce contractual agreements calling for arbitration").

Under Third Circuit precedent, "[t]he threshold questions a district court must answer before compelling or enjoining arbitration are these: (1) Did the parties seeking or resisting arbitration enter into a valid arbitration agreement? (2) Does the dispute between those parties fall within the language of the arbitration agreement?" *John Hancock Mut. Life Ins. Co.*, 151 F.3d at 137. As the Third Circuit explained, "district courts need only 'engage in a limited review to ensure that the dispute is arbitrable-- i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement.'" *Id.* (*quoting Painewebber v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990)).

Here, Gallo makes no claim regarding the applicability or scope of the arbitration agreement contained in the applicable employment and bonus agreements at issue in the AAA arbitration. There is no dispute that Gallo entered into a valid arbitration agreement and that the dispute over the repayment of the sign-on bonus falls within that arbitration agreement.

Thus, the Court should vacate its Order because Gallo did not demonstrate any circumstances specific to the parties' arbitration agreement that allowed the Court to issue a stay of or enjoin the AAA arbitration under the FAA.

## B. The AAA Arbitration Will Not Interfere with This Court's Jurisdiction

The AAA Arbitration proceeding will not interfere with this Court's jurisdiction over this criminal matter and, indeed, will have no bearing on the criminal case at all. While Gallo cites no legal authority in his November 21, 2025, letter requesting the Court enjoin and stay the AAA Arbitration, he argues that the AAA Arbitration *may* prejudice his rights in this criminal proceeding. First, Gallo's conclusory and unsupported argument about potential prejudice to his

- 4 -

rights is incorrect. Second, to the extent Gallo, or the Court, relied on the All Writs Act, 28 U.S.C. § 1651(a), in staying and enjoining the AAA Arbitration, the All Writs act is inapplicable because (1) it does not confer independent jurisdiction on this Court to enjoin the AAA Arbitration, and (2) the AAA Arbitration in no way interferes with this Court's jurisdiction over the present criminal proceeding.

The AAA Arbitration addresses a very narrow and straightforward question, totally unrelated to Mr. Gallo's alleged criminal conduct: i.e., did Mr. Gallo breach the Bonus Agreements with CCM by not paying back the sign-on bonus when he was terminated prior to thirty-six months of being employed by CCM? Whether Gallo breached the Bonus Agreements after being terminated by CCM has no bearing on whether Gallo committed the crimes he is accused of in the criminal proceeding. Indeed, all fact issues, and discovery, related to answering the question posed in the AAA Arbitration are unrelated to, and occurred subsequent to, the facts at issue in this criminal proceeding. There is no need for CCM to inquire into Gallo's alleged criminal acts.  To be clear, facts relating to any criminal activity by Gallo are irrelevant to the AAA Arbitration.  All that matters in the AAA Arbitration is that Gallo was terminated by CCM prior to being employed by CCM for thirty-six months, regardless of the reason. CCM did not terminate Mr. Gallo based on the alleged criminal conduct, but rather solely for his arrest and the fact of the criminal complaint, not its details.  The details of Mr. Gallo's alleged criminal actions have no bearing on the AAA Arbitration, are not relevant to that proceeding, and will not be at issue in discovery or the arbitration hearing. Thus, Gallo's rights against self-incrimination in this criminal proceeding will not be impacted by the contractual dispute in the AAA Arbitration.

Likewise, the AAA Arbitration does not prejudice the Government's criminal case nor threaten this Court's jurisdiction over this criminal proceeding, such that this Court could enjoin and stay the AAA Arbitration under the All Writs Act (to the extent Gallo or the Court relies on

- 5 -

the All Writs Act).[3]  See *United States v. Fin. Indus. Regulatory Auth.*, 607 F. Supp. 2d 391, 393 (E.D.N.Y. 2009) (denying government's petition to enjoin an arbitration because there was insufficient prejudice to the government). "Determining whether to enjoin a civil proceeding [under the All Writs Act] in the face of a related criminal case is essentially a question of balancing the private parties' interest in a prompt resolution of the civil matter with the government's interest in preserving the integrity of the criminal proceeding." *Id*.

Here, the AAA Arbitration is not a related proceeding – CCM seeks to hold Gallo civilly liable for breach of a contract when he was terminated from CCM on facts having nothing to do with the criminal matter.  Completely unrelatedly, the Government seeks to hold Gallo criminally liable on facts that have no bearing on CCM's purely contractual claim against Mr. Gallo. But even if the cases could be considered related (which they are not), there is no harm to the Government's or Gallo's interest in the criminal proceeding from the AAA Arbitration. The only harm here has been to CCM who has a genuine interest in the prompt resolution of its case in the AAA Arbitration and whose rights and financial interests are clearly prejudiced by the needless delay of that arbitration proceeding.

Gallo's conclusory assertion of *potential* prejudice is far outweighed by the actual and immediate harm to CCM by delaying its ability to pursue its clearly meritorious claims in arbitration.

---

[3] The All Writs Act does not, by itself, confer jurisdiction on this Court to stay or enjoin the AAA Arbitration. *See Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*, 105 F.4th 749, 755 (5th Cir. 2024).  It is unclear what, if any, basis of jurisdiction exists to permit the Court to grant the stay of the AAA Arbitration in this case.

### C.  The Court Cannot Stay or Enjoin an Arbitration Involving a Non-Party

This Court cannot stay or enjoin an arbitration proceeding involving an entity that is not a party before the Court.  Specifically, CCM is not a party to this criminal proceeding.  Further, CCM was not copied on Mr. Gallo's letter requesting to stay or enjoin the AAA Arbitration.  See ECF No. 98.  Since the Court entered the order merely days after receiving the letter, CCM was not afforded any opportunity to respond or object to that request, even if CCM had been on notice of the November 21st request (which it was not).  Under these circumstances, the Court had no authority to stay and enjoin the arbitration because "[i]t is well-settled that a 'federal court may not attempt to determine the rights of persons not before the court.'" *dbest Prods. v. Dongguan Xianghuo Trading Co.*, No. 2:25-cv-04573-MWC-JC, 2025 U.S. Dist. LEXIS 216659, at *5 (C.D. Cal. Aug. 18, 2025) (*quoting Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985)) (denying an application to enjoin an arbitration between the defendant and a non-party).

This Court is presently only hearing the criminal prosecution against Mr. Gallo, to which CCM is indisputably not a party nor has any interest in.  Neither CCM's contractual claims against Mr. Gallo nor the AAA Arbitration brought to pursue those claims are before this Court.  Thus, respectfully, this Court has no jurisdiction to impair CCM's rights in a totally unrelated proceeding, as CCM is a non-party to this criminal proceeding.

### D.  The Court Cannot Stay or Enjoin an Arbitration Located in Another District

A Court does not have power to stay or enjoin an arbitration located outside of the Court's district. *See Eberhard*, 2004 U.S. Dist. LEXIS 5029, at *fn 5 ("The Court cannot, under Section 4, issue an injunction with regard to an arbitration in New York--whether or not plaintiff agreed to participate in the arbitration proceeding. Only a court in New York may issue such an order."); *Horizon Plastics, Inc. v. Constance*, Civil Action No. 99-6132, 2000 U.S. Dist. LEXIS 11986, at *13 n.7 (D.N.J. Aug. 10, 2000). Here, the AAA Arbitration is located in Cuyahoga

County, Ohio pursuant to the terms of the applicable employment and bonus agreement (see Slocum Decl., Ex. A, Statement of Claim, at Exhibit A § 6.18(c), and Exhibit B §11(c)). Thus, this Court, sitting in New Jersey, does not have the power to stay or enjoin the AAA Arbitration located in Ohio.

### E. Attorney Alina Habba's Recent Disqualification as Acting U.S. Attorney Calls Into Question the Government's Ability to Seek the Underlying Stay

As the Court is no doubt aware, on December 1, 2025, the Third Circuit Court of Appeals affirmed an order of the District Court of New Jersey disqualifying attorney Alina Habba as Acting U.S. Attorney in this District.  See *U.S. v. Giraud, et al.*, 2025 WL 3439752, Nos. 25-2635 & 25-2636 (3d. Cir. Dec. 1, 2025).  Namely, the Third Circuit held that Ms. Habba was not properly appointed and thus was not properly the Acting U.S. Attorney for the District of New Jersey at the time that the Government and Mr. Gallo submitted their joint request for a stay of the AAA Arbitration on November 21, 2025. Here, the Court's Order states that it was entered "[u]pon the application of the United States of America, by Alina Habba, Acting United States Attorney and Special Attorney to the United States Attorney General (Christopher Fell, Assistant U.S. Attorney, appearing)[.]" There remains a significant open question as to what, if any, impact this disqualification has on various actions taken by the U.S. Attorney's Office while Ms. Habba led the Office ostensibly as Acting U.S. Attorney.  Such open questions further warrant this Court vacating or at least reconsidering the Order staying the AAA Arbitration.

## **Conclusion**

For the foregoing reasons, the Court should grant CrossCountry Mortgage's instant motion to intervene for the sole purpose of presenting this motion, and grant CrossCountry Mortgage's motion to vacate the Court's November 24, 2025, Order enjoining and staying the AAA Arbitration.

Respectfully submitted,

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Intervenor,*
*CrossCountry Mortgage LLC*

By: /s/ Thomas B. Slocum
      Thomas B. Slocum, Esq.

Dated:  December 3, 2025

4913-0969-8942, v. 1