

**Thomas B. Slocum, Esq.**
400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755

*Direct Dial: 908-252-4249*
*Email: tslocum@norris-law.com*

March 17, 2026

**<u>VIA ECF & U.S. MAIL</u>**

Honorable Brian R. Martinotti, U.S.D.J.
U.S. District Court for the District of New Jersey
Frank R. Lautenberg Post Office and U.S. Courthouse
2 Federal Square, Courtroom PO 01
Newark, New Jersey 07102

**RE:    United States v. Christopher Gallo**
**<u>Criminal No. 24-cr-712 (BRM)</u>**

Dear Judge Martinotti:

This law firm represents proposed Intervenor CrossCountry Mortgage LLC ("CrossCountry") in the above matter.  Currently pending before Your Honor is CrossCountry's motion to intervene in this criminal matter for the sole purpose of vacating the Court's November 24, 2025, Order staying CrossCountry's unrelated AAA arbitration proceeding against Defendant Christopher Gallo.  The Court has scheduled oral argument on CrossCountry's motion for Thursday, March 26, 2026.

CrossCountry respectfully submits the instant letter to apprise the Court of additional supplemental authority from the Middle District of North Carolina that squarely and unequivocally supports vacating the Order staying arbitration here.

Specifically, on March 5, 2026, the District Court issued a ruling from the bench in the case *Johnson v. TitleMax of Virgina, Inc.*, Case No. 1:23-cv-807 (M.D.N.C.), denying defendants' request for a temporary restraining order staying arbitration proceedings.  A full copy of the transcript of the oral argument and Court's decision is attached hereto as **Exhibit A**.

Significantly in relation to CrossCountry's pending motion before Your Honor, the Court in *Johnson* held that the All Writs Act did not provide the Court the expanded jurisdiction needed to enter the TRO and stay, and that doing so would be contrary to the express provisions and intent of the Federal Arbitration Act ("FAA").  *See* Ex. A at 77:24-83:1.

Specifically, the Court in *Johnson* stated that:

> We have to start from the extraordinariness of this request under the All Writs
> Act.  It's important to consider what defendants are precisely asking of this



Norris McLaughlin, P.A.

March 17, 2026
Page 2

> Court here today. The request is for an impact on arbitration bodies that are not parties to the Court. They're asking this Court to use its inherent authority under the All Writs Act to compel a third party, these bodies, who are not a party to this action to stay the arbitration proceedings.

*Id.* at 78:1-8.

The Court continued to note that "using the All Writs Act is an extraordinary remedy. It's supposed to be used sparingly and only in the most critical and exigent circumstances." *Id.* at 78:12-14. The Court observed that "the All Writs Act does not confer jurisdiction on this Court. It's not a separate granting of jurisdiction in any way and it can't, as we've been talking about, can't expand the Court's jurisdiction in any way." *Id.* at 79:9-12.

With respect to the interplay of the All Writs Act and the FAA, the Court in *Johnson* observed that:

> allowing the [arbitration] process to continue to move forward actually respects the role of the Court and the role of the arbitrators that's been laid out in the FAA. And, again, this Court is not allowed to expand its authority. It can't do that through the All Writs Act, and I think that's what has been asked of it here today would be tantamount to an expansion of its authority.

*Id.* at 82:20-83:1.

Significantly, the arbitration proceedings that the *Johnson* defendant sought to stay were between the same parties who were before the Court in the District Court matter, and the Court still found it lacked jurisdiction to compel the arbitration bodies to stay their proceedings. *See id.* at 78:1-8. In the instant case, CrossCountry is not a party before the Court in the underlying criminal matter, rendering the stay of the arbitration all the more unjust.

CrossCountry respectfully urges the Court to consider the Middle District of North Carolina's rationale in the *Johnson* decision as persuasive authority in this case. For the reasons discussed by the Court in *Johnson*, and as outlined in CrossCountry's moving and reply papers, the Order staying arbitration in this case should be vacated and the arbitration should be permitted to go forward.

CrossCountry thanks Your Honor for your attention and consideration of this matter, and looks forward to discussing these issues further with the Court at the March 26th oral argument. Should the Court have any questions about the foregoing, I can be available to address them.

Norris McLaughlin, P.A.

March 17, 2026
Page 3

Respectfully submitted,

NORRIS McLAUGHLIN, P.A.


/s/ *Thomas B. Slocum*_____
Thomas B. Slocum, Esq.


TBS:mc
Enclosure